IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

OCTAVIO ISLAS ZAMORA                )
                                    )
            Petitioner,              )
                                    )
      v.                             )      1:05CV00678
                                    )
SHERWOOD McCABE,                     )
                                    )
            Respondent.              )

**ORDER AND RECOMMENDATION OF MAGISTRATE JUDGE ELIASON**

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On August 28, 2002, in the Superior Court of Lee County, petitioner pled guilty to second-degree murder in case 02 CRS 51100. He was then sentenced to 125-159 months of imprisonment. Petitioner did not appeal. However, he did eventually file a motion for appropriate relief in Lee County on February 9, 2005. When this was denied, he unsuccessfully sought certiorari and discretionary review from the North Carolina Court of Appeals and the North Carolina Supreme Court, respectively. He then brought his habeas corpus petition in this Court, where it was received on July 27, 2005.

Respondent requests dismissal on the ground that the petition was filed[1] outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). 28 U.S.C. § 2244(d)(1). The AEDPA amendments apply to

---

[1] A Section 2254 petition is filed by a prisoner when the petition is delivered to prison authorities for mailing. Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999).

all Section 2254 petitions filed after its effective date of April 24, 1996. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Interpretations of the limitation periods found in 28 U.S.C. §§ 2244(d)(1) and 2255 have equal applicability to one another. Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). The limitation period ordinarily starts running from the date when the judgment of conviction became final at the end of direct review. Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000); § 28 U.S.C. 2244(d)(1)(A). Finality has been construed to mean when the petitioner may no longer seek further review because of (1) the denial of a petition for certiorari to the United States Supreme Court; or, (2) the expiration of the time to file such a petition. Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002); see United States v. Segers, 271 F.3d 181 (4th Cir. 2001), cert. denied, 535 U.S. 943, 122 S.Ct. 1331, 152 L.Ed.2d 237 (2002)(federal conviction).

The one-year limitation period is tolled while state post-conviction proceedings are pending. Harris, supra. The suspension is for "the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999), cert. denied, 528 U.S. 1197, 120 S.Ct. 1262, 146 L.Ed.2d 117 (2000). There is also a second type of possible tolling. The Fourth

-2-

Circuit, as well as a number of courts, have held that the one-year limitation period is subject to equitable tolling. Harris, supra; Sandvik, 177 F.3d at 1271 (collecting cases). Equitable tolling may apply when the petitioner has been unable to assert claims because of wrongful conduct of the state or its officers. A second exception is when there are extraordinary circumstances, such as when events are beyond the prisoner's control and the prisoner has been pursuing his rights diligently. Pace v. DiGuglielmo, ____ U.S. ____, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005); Harris, supra; Akins v. United States, 204 F.3d 1086 (11th Cir.), cert. denied, 531 U.S. 971, 121 S.Ct. 410, 148 L.Ed.2d 316 (2000).

Here, respondent asserts that petitioner's conviction became final, at the latest, when his time for filing a direct appeal with the North Carolina Supreme Court expired. Petitioner has not argued otherwise. This means that it became final on or before Wednesday, September 11, 2002, fourteen days after his conviction. N.C.R. App. P. 4(a)(2). The AEDPA limitation period then ran for one year and expired without petitioner filing any motion for collateral relief in state court. While it is true that petitioner did later file for collateral relief in the state courts, the one-year period cannot be revived by filings submitted after it has expired. Minter v. Beck, 230 F.3d 663 (4th Cir. 2000).

In addition to not challenging the record indicating that his petition is time barred, petitioner has also failed to advance any grounds that would entitle him to equitable tolling. In fact, he does not directly address the AEDPA time bar in his response brief,

-3-

Case 1:05-cv-00678-JAB-RAE   Document 8   Filed 01/27/06   Page 3 of 6

but instead merely argues that one of his claims for relief, a claim that his Vienna Convention rights were violated when he was not given access to the consul of his native country, has merit and should be heard. His argument is not entirely clear, but he states that his case should be "reopened" based on a ruling by the International Court of Justice (ICJ). He also references a recent United States Supreme Court decision, Medellin v. Dretke, ___ U.S. ___, 125 S.Ct. 2088, 161 L.Ed.2d 982 (2005), and a statement by the President that state courts must consider whether to give certain persons a new trial or sentencing.

Petitioner's argument that his case should be reopened may well be a reference to 28 U.S.C. § 2244(d)(1)(C), which states that, in appropriate cases, the one-year AEDPA time limit can begin running on "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." If so, this provision does not aid petitioner.

Petitioner's mention of an ICJ decision apparently concerns Case Covering Avena and other Mexican Nationals (Mex. v. U.S.), 2004 I.C.J. No. 128 (Judgment of Mar. 31). That case, as described in Medellin, was filed by Mexican nationals facing the death penalty in the United States. The ICJ held that the Vienna Convention guarantees individually enforceable rights that the United States had violated. It further decided that the United

States had to provide review and reconsideration of the convictions and sentences.

Following the ICJ decision, the petitioner in Medellin sought habeas relief in a United States District Court. Once denied relief, he filed an unsuccessful direct appeal and then a petition for certiorari with the United States Supreme Court. The petition was granted. However, after that time, President George Bush issued a memorandum stating that the United States would comply with the ICJ decision by allowing state courts to provide the required reviews. This caused the petitioner in Medellin to file a further request for relief with a state court. The Supreme Court, in turn, dismissed the writ of certiorari as improvidently granted on the ground that the state proceedings might well afford the petitioner the relief he sought in his federal habeas case. It also noted a number of possible problems with the petitioner's attempt at obtaining habeas relief under the ICJ ruling. However, it clearly did not rule on the merits of his habeas claim or how it related to the Vienna Convention.

Petitioner cannot claim that § 2244(d)(1)(C) allows the ICJ decision or the Medellin decision to be used as the starting point for figuring his one-year time period. First, the statute references only Supreme Court, not ICJ decisions. Second, the statute states that the right[2] on which a claim is based must have been both recognized by the United States Supreme Court and made

---

[2] The statute actually describes only constitutional rights, it is not at all clear that rights recognized under a treaty would somehow be considered the same.

applicable on collateral review. Because the Supreme Court declined to decide the merits of the case in <u>Medellin</u>, neither of these events occurred. Therefore, petitioner cannot rely on § 2244(d)(1)(C) for the starting point of his one-year period to file. That starting point is instead determined, as discussed previously, using the end of direct review under § 2244(d)(1)(A). Because of this, petitioner's claims are all time-barred and respondent's motion to dismiss should be granted.[3]

**IT IS THEREFORE ORDERED** that petitioner's motion for reconsideration of the striking of certain exhibits (docket no. 6) be, and the same hereby is, denied for being moot.

**IT IS RECOMMENDED** that respondent's motion to dismiss (docket no. 3) be granted, that the habeas petition (docket no. 1) be denied, and that Judgment be entered dismissing this action.

                                             */s/ Russell A. Eliason*
                                     **United States Magistrate Judge**

January 27, 2006

---

[3] Petitioner filed a letter motion seeking to have the Court reconsider an earlier decision to strike certain exhibits he had submitted. Because all of his claims are being dismissed and the exhibits would have no effect on the outcome of the case, the motion will be denied for being moot.